(Clark County, O., Probate Court.)
1895.

### IN RE JOHN A. McCREIGHT, DEC'D.

(1). No notice is required to be given to the next of kin of creditor in making an appointment of an administrator under sec. 6013.

(2). A motion to set aside such appointment, filed within a reasonably short time after it is made, by one having had notice, should be considered by the court.

(3). The court must be satisfied that there is a strong probability that the creditor, applicant, can in a court of law, establish the fact that he is a creditor of the decedent.

(4). Under the question, whether or not the applicant is a creditor, the court may hear such testimony as it deems advisable.

(5). The decedent must not only at his decease have been a non-resident of this state, but he must also at that time have been engaged in the prosecution of business in this state.

ROCKEL, J.

Anna A. Blount filed her application in this court alleging that John A. McCreight died in the state of New Jersey, having been engaged in business in this county, and that she is a creditor of said John A. McCreight, whose claim is founded on a contract made in this state.

Without notice and upon this application, Geo H. Frey, Sr. was appointed administrator of said John A. McCreight. The application and appointment were made under section 6013, Rp. S., which provides:

"In all cases where any person has heretofore died or shall hereafter die, whether testate or intestate, such person not being at the time of his decease a resident of this state, but having been engaged in the prosecution of business therein, as a partner or otherwise, and leaving in this state any property belonging in whole or in part to his estate, the probate court of the county in which such business may have been prosecuted as aforesaid, or of any county in which such property may be situated, or where any debtor of such decedent may reside, shall, upon the application of any creditor of said decedent, whose claim is founded on contract made or right of action which accrued within this state, grant to such creditor or to some other

person, administration of all and singular the assets of such decedent situate within this state * * * ."

Within a short time thereafter the widow of said John A. McCreight filed her motion to set aside the appointment, alleging therefor the following grounds:

First: This court has no jurisdiction to appoint an administrator herein.

Second: No notice has been given, either personal or constructive, to the heirs and widow of said John A. McCreight of the pendency of such application.

Third: An administratrix of the estate of John A. McCreight was duly appointed and qualified by the Surrogate and Camden county, New Jersey, and such administratrix duly administered upon said estate and fully settled said estate, of all of which said applicant had knowledge.

Fourth: That said applicant is not a creditor of said decedent.

Fifth: That the facts as to the decease of said John A. McCreight, his residence, business, and administration of said estate, do not authorize the appointment of an administrator herein.

Sixth: That said John A. McCreight at the time of his decease was not engaged in the prosecution of any business in this state, either as partner or otherwise.

The first ground alleged in the motion is one embodying in a general way, that which is set up specifically in some of the other alleged grounds, and therefore will not be independently considered

The second alleges, that no notice was given of the pendency and the time of hearing of the application for the appointment of an administrator in this cause.

It will be observed that nothing is said in section 6013 requiring notice to be given to any one or in any form. Neither am I aware that provision for such notice is found anywhere else in our statute laws. I am therefore of the opinion that a legal appointment may be made under this section with-

out notice, and the same could not be attacked in any collateral proceeding, nor would the want of such notice affect in any way the legality of the acts of the administrator so appointed.

It might be well as a matter of practice to require notice to be given, either by summons or publication, in such a way that information would be conveyed to the next of kin or other parties in interest, that such an application was pending. But in all cases where no such notice is given, and the appointment is made in a pro forma way, alone upon the facts stated upon the application of the creditor without any special hearing thereon, it is the duty of the court, within a reasonable time thereafter, upon the application of a party in interest and from one not having had notice, to open up the matter, and have a hearing thereon, and if it appear that the court has no jurisdiction, or that the appointment ought not to have been made, to annul it and set it aside.

For it is an inherent power in every judicial tribunal to correct an error which it may have committed, and where no positive law forbids. (1 Werner on Administration, 570). It appearing to the court that C. E. Mc-Creight is a party in interest, and having had no notice of the application for the appointment of an administrator herein, her motion to set the same aside, will and ought to be entertained.

The fourth ground of her motion is, "that said applicant is not a creditor of said decedent." One of the requisites of sec. 6013, before the court can make an appointment thereunder is, that the applicant is a creditor of the decedent. This is a fact which the court must find to exist. It is a condition upon which rests the jurisdiction of this court.

If the applicant has no claim, if there is nothing due him, he is no creditor, and the appointment cannot be made. But how far the probate court should go into this matter, or what amount of proof it should require, is a question not free from difficulty. Is the affidavit of the applicant sufficient, or should other proof

be required and the testimony of parties in interest heard?

It occurs to me that the court should not go into a trial of the matter as the term is generally used; for that might result in the determination of a question to which the parties are entitled by law to a trial by jury.

But I think the court should go into the matter and hear testimony of witnesses, if it deems it advisable, in order to arrive at a conclusion, and that unless the court is satisfied that there is a strong possibility in favor of the applicant's claim, that he is a creditor of the decedent, the appointment should not be made. If it is clearly and convincingly proven to the court that the applicant is no creditor, it would be an act of folly and injustice to grant an administration upon decedent's estate upon his application.

It is a matter which must rest in the sound discretion of the court, a discretion wisely, carefully and cautiously exercised. Whether or not the proof shows the applicant to be a creditor, within the meaning of the statute in the present case, it is not necessary for me to decide, as a determination of the question arising upon the 5th and 6th grounds of the motion herein filed, will determine whether the motion should be sustained or overruled. It is agreed in the case at bar, that John A. Mc-Creight died on the ——day of——, 1889, intestate, being at the time of his death a non-resident of this state, not being engaged in business in this state for 20 years, but having been engaged in business in the city of Springfield, Clark county, Ohio, prior to the year 1874.

This raised the question whether it is sufficient to warrant the court in making an appointment under sec. 6013, that the decedent had been at any time engaged in business in this state, or whether it requires a decedent to have been engaged in business in this state a the time of his decease.

To my mind it is clear that the statute means, that the decedent must have been engaged in the prosecution of business in this state at the time of

his decease, in order that an appointment may be made thereunder. The first part of this section reads "In all cases where any person * * * has died * * * such person not being at the time of his decease a resident of this state, but having been engaged in the prosecution of business therein * * *, etc. "If this does not mean that the deceased must have been engaged in the prosecution of business in this state in order that an appointment may be made under this section, at the time of his decease, then these words "at the time of his decease", have no significance or import in the statute, and might as well have been omitted, and the statute might as well read, 'In all cases where any person has died * * * such person not being a resident of this state, but having been engaged in business therein, etc. This would have conveyed the meaning contended for by the administrator, that it would be sufficient to warrant the appointment of an administrator under this section, if the decedent had been at any time engaged in the prosecution of business in this state. I am however not permitted to eliminate certain parts of this statute.

It is a well known rule in the construction of statutory laws that every word therein contained, is to be given a meaning where it is possible to be done and preserve good sense; and that a construction which would leave without effect any part of the language used, should be rejected, if any interpretation which will give it effect can be found (23 Am. & Eng. of Law, 311).

No violence is done to the language or meaning ordinarily conveyed by words, in holding that the phrase, "at the time of his decease" applies to the time when he was engaged in business in this state, as well as the fact of his non-residence in this state.

If it is not required that the decedent be engaged in business in this state at the time of his decease, at what time must he have been engaged? Must it have been 10, 20 or 50 years prior to his death? No other time is fixed by the statute.

It is one of the provinces of the conjunction "but" to introduce a statement in restriction or modification of a preceding statement, and that is the office it performs here, when it introduces the statement, "having been engaged in the prosecution of business therein" following the preceding statement, "that such person not being at the time of his decease a resident of Ohio". It restricts this latter statement in this, that it is not only necessary that the decedent must have been non-resident of this state, at the time of his decease, but he must also have been engaged in the prosecution of business therein at that time.

It being admitted therefore that the decedent was not at the time of his decease engaged in the prosecution of business in this state, this court is without jurisdiction to appoint an administrator over his estate by virtue of the provisions of sec. 6013, and said appointment of Geo. H. Frey, Sr. will be set aside and held for naught.

The third ground of said motion, I have not deemed it necessary to consider.